## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALEXANDER RONDINEL ATAUCUSI, Plaintiff, v. TOTO FOODS LLC and ANTONIO PUGLIESE, Defendants. | Civil Action No. 2:24-CV-07651 (SDA) **OPINION & ORDER** **June 12, 2025** |

**STACEY D. ADAMS, United States Magistrate Judge**

This matter comes before the Court upon the unopposed motion of Plaintiff Alexander Rondinel Ataucusi ("Plaintiff") for settlement approval of a complaint brought pursuant to the Fair Labor Standards Act ("FLSA"). (ECF No. 19). The Court decides this matter without oral argument pursuant to Fed. Rule of Civil P. 78. For the following reasons, the motion is **GRANTED**.

## BACKGROUND

Plaintiff filed suit against Toto Foods LLC ("Toto") and Antonio Pugliese ("Pugliese") (together, "Defendants") on July 9, 2024 alleging that Defendants violated the FLSA, the New Jersey Wage and Hour Law ("NJWHL"), and the New Jersey Wage Payment Law ("NJWPL"). (ECF Nos. 1; 5 ¶ 19). Among other things, Plaintiff contends that he was not paid overtime compensation for any hours worked in excess of forty (40) each week. (ECF No. 1).

Defendants answered on August 14, 2024. (ECF No. 5). Defendants dispute Plaintiff's claims. (ECF No. 19-1 at 2). They contend he rarely worked overtime and produced records that they believe support their defenses. (*Id.*).

The parties engaged in settlement discussions and Plaintiff provided Defendants with a calculation of his damages. (ECF No. 19-1 at 2). Defendants produced Plaintiff's time records. The parties requested multiple adjournments of the initial scheduling conference as they continued to negotiate a settlement. (ECF Nos. 8, 11). On December 5, 2024, the parties informed the Court that they had reached a settlement in principle and were in the process of finalizing a written settlement agreement. (ECF No. 13). Plaintiff then filed this unopposed motion to approve the settlement (ECF No. 19). The parties subsequently consented to the jurisdiction of the undersigned Magistrate Judge on February 28, 2025. (ECF No. 21).

## TERMS OF SETTLEMENT

The proposed settlement agreement requires Defendant to pay a gross sum of $2,500 in exchange for Plaintiff's release of all FLSA, NJWHL, and NJWPL and related claims. (Settlement Agreement and Release, ECF No. 19-3 ¶¶ 2, 3). Defendant's $2,500 obligation will be broken down into two separate payments: (1) one check payable to Plaintiff in the amount of $1,945.00, and (2) one check payable to Plaintiff's counsel in the amount of $555 as reimbursement for fees and costs. (*Id.* ¶ 2(a)(i)-(ii)). The settlement amount provides Plaintiff with a 100% recovery of all of the overtime payments he claims he is owed.

## LEGAL STANDARD[1]

"The FLSA establishes federal minimum-wage, maximum-hour, and overtime guarantees that cannot be modified by contract." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236,241 (3d Cir. 2014) (quoting *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1527 (2013)). If employers

---

[1] The Court construes Plaintiff's motion as requesting approval only as to his FLSA claims, as Court approval of his state law claims is not required. *See, e.g.*, *Gabrielyan v. S.O. Rose Apartments LLC*, No. 15-CV-1771 (CCC) (MF), 2015 WL 5853924, at *2 n.1 (D.N.J. Oct. 5, 2015).

violate the FLSA's minimum wage and overtime provisions, codified at 29 U.S.C. §§ 206 and 207, respectively, they are liable to affected employees "in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." *Id.* (citing 29 U.S.C. § 216(b)).

District courts in the Third Circuit have held that FLSA claims can be settled in two ways: (1) with the Department of Labor supervising the payment of unpaid minimum wages or overtime compensation pursuant to 29 U.S.C. § 216(c); or (2) with the district court's approval of a settlement under 29 U.S.C. § 216(b). *See Bredbenner v. Liberty Travel, Inc.*, Nos. 09-CV-905, 09-CV-1248, and 09-CV-4587 (MF), 2011 WL 1344745, at *18 (D.N.J. Apr. 8, 2011) (citing *Lynn's Food Stores. Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Bettger v. Crossmark. Inc.*, No. 13-CV-2030, 2015 WL 279754, at *3 (M.D. Pa. Jan. 22, 2015); *Brumley v. Camin Cargo Control. Inc.*, Nos. 08-CV-1798, 10-CV-2461, and 09-CV-6128 (JLL), 2012 WL 1019337, at *1 (D.N.J. Mar. 26, 2012).

To approve an FLSA settlement, the court must determine that "the compromise reached 'is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" *Brumley*, 2012 WL 1019337, at *2 (quoting *Lynn's Food*, 679 F.2d at 1354); *see also In re Chickie's & Pete's Wage & Hour Litig.*, No. 12-CV-6820, 2014 WL 911718, at *2 (E.D. Pa. Mar. 7,2014); *Cuttic v. Crozer-Chester Med. Ctr.*, 868 F. Supp. 2d 464, 466 (E.D. Pa. 2012); *Bredbenner*, 2011 WL 1344745, at *18. A proposed settlement resolves a "bona fide dispute" when it "reflect[s] a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute," rather than "a mere waiver of statutory rights brought about by an employer's overreaching." *Chickie's*, 2014 WL 911718, at *2 (quoting *Lynn's Food*, 679 F.2d at 1354). In determining whether a compromise is fair and reasonable, courts in this Circuit consider

both (1) whether the compromise is fair and reasonable to the employee, and (2) whether the compromise otherwise frustrates the implementation of the FLSA. *See Singleton v. First Student Mgmt. LLC*, No. 13-CV-1744 (JEI) (JS), 2014 WL 3865853, at *8 (D.N.J. Aug. 6, 2014); *Chickie's*, 2014 WL 911718, at *2; *Brumley*, 2012 WL 1019337, at *4.

Therefore, in determining whether to approve a settlement for FLSA claims, a court must engage in a three-part analysis. *Davis v. Essex County*, No. 14-CV-1122 (CCC) (JBC), 2015 WL 7761062 (D.N.J. Dec. 1, 2015). First, the Court must determine whether the settlement concerns a bona fide dispute. *Id.* Second, the Court must determine whether the settlement is fair and reasonable to the Plaintiff-employee. *Id.* Third, the Court must demonstrate that the agreement does not frustrate the implementation of the FLSA in the workplace. *Id.*

## DISCUSSION

Approval of this settlement is appropriate because the compromise reached (1) resolves a bona fide dispute over FLSA provisions, (2) is fair and reasonable to Plaintiffs, and (3) does not frustrate the implementation of the FLSA.

## I.     Bona Fide Dispute Under FLSA

As to the first requirement, the pleadings reveal a bona fide dispute under the FLSA. According to Plaintiff's calculations, Defendant owes Plaintiff $5,212.10 ($1,703.34 in total overtime compensation owed, $3,406.68 in liquidated damages, and $102.08 in interest) plus reasonable attorney's fees and costs. (ECF No. 19-4). Defendants dispute Plaintiff's allegations and contend that Plaintiff rarely ever worked more than forty (40) hours in any given work week. (ECF No. 19-1 at 2); (*see also* Settlement Agreement and Release ¶ 7) ("Defendants have consistently denied, and continue to deny, each and every allegation of wrongdoing made by Plaintiff, and have agreed to enter into this Agreement for the sole purpose of avoiding the cost

4

and inconvenience of further litigation."). These disagreements satisfy the bona fide dispute requirement, because they demonstrate that this case "fall[s] within the contours of the FLSA and [provide] evidence of the defendant's intent to reject or actual rejection of the claim when it [was] presented." *Kraus v. PA Fit II, LLC*, 155 F. Supp. 3d 516, 530 (E.D. Pa. 2016). Therefore, the first element is fulfilled.

## II.    Settlement is Fair and Reasonable to Plaintiff

As to the second factor, the settlement terms are fair and reasonable to Plaintiff. Plaintiff will be fully compensated for his alleged overtime hours, but is effectively waiving most of his liquidated damages. Under the Settlement Agreement and Release, Plaintiff will receive $1,945. (Settlement Agreement and Release ¶ 2(a)(i)). This amounts to over 114% of the unpaid overtime wages he alleged Defendant owe him. (ECF No. 19-4). Although this agreement does not cover the entirety of the liquidated damages Plaintiff claims he is owed, this settlement amount provides Plaintiff a substantial sum while accounting for litigation risks, include the potential for no recovery at all. *See Lyons v. Gerhard's Inc.*, No. 14-CV-06693, 2015 WL 4378514, at *4 (E.D. Pa. July 16, 2015) ("Further litigation will be expensive and carries substantial risk for both sides.").

To avoid these risks, the parties opted for the more certain negotiation process, which resulted in this Settlement Agreement. Because the settlement amount produced falls squarely within Plaintiff's possible range of recovery, and guarantees his substantial compensation that will effectively make him whole for his claimed loss, it is fair and reasonable.

## III.    Settlement Does Not Frustrate Implementation of the FLSA

As to the third requirement, the settlement agreement must not frustrate the purposes of the FLSA. The agreement here contains none of the terms which Third Circuit courts have found problematic in effectuating the FLSA's purposes, such as a restrictive confidentiality clause, *see,*

*e.g.*, *Mabry v. Hildebrandt*, No. 14-CV-5525, 2015 WL 5025810, at *3 (E.D. Pa. Aug. 24, 2015), or an overly broad release provision, *see, e.g.*, *Brumley*, 2012 WL 1019337, at *8-9.[2] Absent terms like these, which disproportionately burden workers, the Settlement Agreement wholly accords with the purposes of the FLSA. *Cruz v. JMC Holdings, Ltd.*, No. 16-CV-9321 (KSH) (CLW), 2019 WL 4745284, at *7 (D.N.J. Sept. 30, 2019) (finding that the proposed agreement did not frustrate the purposes of the FLSA where the agreement did not contain a confidentiality provision, and the release was limited to claims asserted in the lawsuit). Further, as mentioned above, the settlement provides Plaintiff with a full recovery of his claimed unpaid wages, and therefore makes him whole. Under these circumstances, the Settlement Agreement, does not frustrate the FLSA.

## IV.    Attorney's Fees and Costs

"[I]n addition to any judgment awarded to the plaintiff" the Court may "allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Here, Plaintiff's counsel is waiving their fees and only seeks to recover reimbursable costs of the action for the filing of Plaintiff's Complaint and for service of the Summons and Complaint on Defendants. (ECF No. 19-1 at 5-6). Courts within the Third Circuit have approved costs including complaint filing fees, subpoena invoices, mileage and parking, mediation fees, and calling campaigns. *Keller v. TD Bank, N.A.*, No. 12-CV-5054, 2014 WL 5591033, at *16 (E.D. Pa. Nov. 4, 2014); *see also Morales v. Unique Beginning Caterers LLC*, No. 20-CV-10026, 2021 WL 5864061, at *3 (D.N.J. Dec. 10, 2021) (approving a request for costs including the filing fee, service of process, and mediation fees). Here, Plaintiff seeks $550.00, comprised of the $405.00 filing fee and $150.00 for service of process fees. (ECF No. 19-2 ¶ 8). Requests for these categories

---

[2] The parties' proposed settlement agreement contains a release clause, (Settlement Agreement and Release ¶ 3), but unlike the overly broad clause in *Brumley*, the clause in the parties' agreement applies only retrospectively, not prospectively. 2012 WL 1019337, at *8-9.

of fees have been approved in other FLSA cases, and neither of the amounts is excessive. Thus, the Court approves Plaintiff's counsel's request for the payment of costs.

**<u>CONCLUSION and ORDER</u>**

For the foregoing reasons, Plaintiff's unopposed motion for settlement approval of a FLSA case (ECF No. 19) is GRANTED because the Settlement Agreement and Release represents a fair and reasonable resolution of a bona fide dispute that does not frustrate the purposes of the FLSA. Accordingly, this matter is dismissed with prejudice.

Therefore, **IT IS** on this **12th day of June, 2025**,

**ORDERED** that the unopposed motion for settlement approval of a FLSA case is **GRANTED** as to all of the terms of the agreement; and

**ORDERED** that this action is **DISMISSED WITH PREJUDICE**; and

**ORDERED** that the Court shall retain jurisdiction as needed to effectuate the terms of the settlement agreement; and

**ORDERED** that the clerk of Court is respectfully requested to terminate the motion at ECF No. 19

**SO ORDERED.**

       */s/ Stacey D. Adams*
       Hon. Stacey D. Adams
       United States Magistrate Judge

Original:  Clerk of the Court
  cc:  All Parties